IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| LORENZO JILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO.: 3:07-CV-1115-J-25 mCR |
| v. | ) | |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, United Parcel Service, Inc., by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully shows the Court as follows:

1.       On or about October 9, 2007, Plaintiff Lorenzo Jiles ("Plaintiff"), filed a Complaint against Defendant United Parcel Service, Inc. ("UPS"), in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, said action being designated as Case No.: 16-2007-CA-009103-XXXX-MA, Division: CV-H (the "State Court Action"). True and correct copies of all process, pleadings, and orders in the State Court Action that have been delivered to UPS are attached hereto as Exhibit A.

2.       UPS was served with the Complaint by a process server through its registered agent for service of process on November 8, 2007.

3.     UPS filed an Answer to the State Court Action in the Circuit Court, Fourth

Judicial District, in and for Duval County, Florida on November 28, 2007.  A true and correct

copy of UPS's Answer is attached hereto as Exhibit B.

4.     UPS files this Notice of Removal within thirty (30) days after receiving notice

of the State Court Action.

5.     Plaintiff is a citizen of the State of Florida.

6.     UPS is a citizen of the States of Ohio and Georgia, being a corporation

organized and existing under the laws of the State of Ohio and having its principal place of

business in the State of Georgia, and is a citizen of a state other than Florida for diversity

purposes.

7.     Plaintiff's Complaint alleges on its face an amount in controversy exceeding

the sum of $15,000, exclusive of interest, costs and attorney's fees.

8.     Plaintiff's claim for past and future lost wages, mental anguish, pain and

suffering, loss of dignity and punitive damages in the State Court Action puts more than

$75,000, exclusive of interest and costs, into controversy.

9.     Accordingly, this Court has jurisdiction over Plaintiff's claim pursuant to 28

U.S.C. § 1332, which provides United States District Courts with original jurisdiction over

civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different states.

10.     Defendant is also filing notice of this removal in the Circuit Court, Fourth

Judicial District, in and for Duval County, Florida.

WHEREFORE, Defendant respectfully submits this Notice of Removal of the State

Court Action to this Court this 28th day of November, 2007.

_____
Bradley R. Johnson
Florida Bar No. 0709425
brj@tdclaw.com
Latasha A. Garrison-Fullwood
Florida Bar No. 0180602
lgf@tdclaw.com
TAYLOR, DAY, CURRIE, BOYD & JOHNSON
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Tel. No. (904) 356-0700
Fax. No. (904) 356-3224

OF COUNSEL[*]:
R. Steve Ensor
Georgia Bar. No. 249360
steve.ensor@alston.com
Brett E. Coburn
Georgia Bar No. 171094
brett.coburn@alston.com
Melissa S. Hsieh
Georgia Bar No. 928216
melissa.hsieh@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel. No. (404) 881-7000
Fax. No. (404) 881-7777          ATTORNEYS FOR DEFENDANT

_____

[*] Motions for admission *pro hac vice* to be submitted.

CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing **Notice of**

**Removal** via first class mail with adequate postage addressed as follows:

> David B. Sacks, Esquire
> Florida Bar No.:  964409
> 1017 Lasalle Street
> Jacksonville, Florida  32207

This 28th day of November, 2007.

_____
Latasha A. Garrison-Fullwood

# EXHIBIT A

LEGAL01/13067829v1

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

LORENZO JILES,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendants.

_____/

1b- 2007-CA- 0 0 9 1 0 3    -XXXX-MA

DIVISION CV-H

## SUMMONS

THE STATE OF FLORIDA:
To all and singular the sheriffs of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition

in this action on the Defendant(s):

UNITED PARCEL SERVICE, INC.
~~C/O C T CORPORATION SYSTEM,~~ Registered Agent    C/O Corp. Service Co.
~~1200 SOUTH PINE ISLAND ROAD~~    1201 Hays St.
~~PLANTATION FL 33324~~    Tallahassee, FL 32301

    Each defendant is required to serve written defenses to the Complaint or Petition on
Plaintiff's attorney, whose name and address is <u>David B. Sacks, Esquire, 1017 LaSalle Street,</u>
<u>Jacksonville, Florida 32202 (904) 634-1122</u> within 20 days after service of this summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails
to do so, a default will be entered against that Defendant for the relief demanded in the Complaint
or Petition.

    **WITNESS** my hand and the seal of this Court on    OCT 0 9 2007.



        **JIM FULLER**
        As Clerk of the Court

        **PEGGY BATES**

By: _____

        As Deputy Clerk

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:
16  2001 -CA- 0 0 9 1 0 3          -XXXX-MA-

LORENZO JILES,
    Plaintiff,
v.

UNITED PARCEL SERVICE, INC.,
    Defendants.

**DIVISION CV-H**

_____/

<u>**COMPLAINT AND DEMAND FOR JURY TRIAL**</u>

    LORENZO   JILES, (hereinafter Plaintiff), sues the Defendant, UNITED PARCEL

SERVICE, (hereinafter Defendant), and alleges:

    1.    This is an action that exceeds the sum of Fifteen Thousand Dollars ($15,000.00),

    exclusive of interests, costs and attorney's fees.

    2.    At all times material, the Plaintiff was and remains a resident of Duval County,

    Florida.

    3.    At all times material, Defendant was and remains a corporation, licensed to do

    business and does conduct a substantial amount of business in Jacksonville, Duval

    County, Florida.

    4.    All facts material to this action occurred in Jacksonville, Duval County, Florida.

<u>**GENERAL ALLEGATIONS**</u>

    5.    Plaintiff began his employment with Defendant on or about September 28, 1978.

    6.    Plaintiff was accused of dishonesty because of an "unauthorized punch" and

    terminated from his position of employment on April 27, 2006.

    7.    Plaintiff was working a Monday through Friday shift.  Plaintiff was requested by

Tom Gloe, Division Manager, to change his schedule to Sunday through Thursday. Plaintiff advised Mr. Gloe that the change was not possible due to restrictions placed on him by his treating physician, which indicated that he should not be working the Sunday shift.

8.   Comparatively, Tom Goings, white male, who held the same position as Plaintiff, and was also working the same Monday through Friday shift as Plaintiff, was not requested to change his work schedule to Sunday through Thursday.

9.   It was only after Plaintiff advised Mr. Gloe that he could not work a schedule which included Sundays, that Plaintiff was summarily terminated.

10.   Subsequent to his termination, Plaintiff filed a charge of discrimination with the Jacksonville Human Rights Commission (JHRC) alleging race discrimination.

11.   Following the termination as stated above, Plaintiff, after going through a grievance procedure with Defendant, was reinstated to his position on or about May 15, 2006.

12.   Following Plaintiff's reinstatement, Plaintiff was forced to work hours which caused Plaintiff to exceed his physical limitations that were previously agreed to by Defendant, and which the Defendant had been adhering to for years. Upon Plaintiff's advising that he was physically unable to work the shifts which required duties that exceeded his physical restrictions, and in spite of Defendant's previous agreement to abide by Plaintiff's physical restrictions, Plaintiff was again terminated.

13.   Soon thereafter Plaintiff was again terminated from his position, this time by Dave Sharp, supervisor, and Steve Howell, Manager, for gross insubordination and job abandonment.

## COUNT I: RACE DISCRIMINATION

14.   Plaintiff realleges paragraphs 1-13, as if fully set forth herein and further alleges:

15.   This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's race.

16.   Section 760.10(1)(a), Florida Statutes, states that it is an unlawful employment practice for an employer.... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individuals...race.

17.   On or about May 1, 2006, the Plaintiff filed a Charge of Discrimination with the Jacksonville Human Rights Commission (JHRC) which said charge was received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days is past prior to the filing of the amended charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of this complaint.

18.   The Charge of Discrimination referred to in the immediately preceding paragraph was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760 Florida Statutes, and/or the contents of the amended charge were continuing in nature.

19.   Over one hundred and eighty (180) days has passed from the date of the filing of the amended charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

20.   At all times material hereto, the Plaintiff is and has been a member of a protected

3

class in that he is African American.

21.    The Plaintiff's race was the sole or motivating factor which contributed to the discriminatory treatment in the terms and conditions of Plaintiff's employment with Defendant.

22.    As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered lost wages, past and future, mental anguish, pain and suffering and loss of dignity.

23.    The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

24.    Plaintiff has obligated himself to pay a reasonable attorney's fee, including costs, in connection with the bringing of this action. Section 760.11(5), Florida Statutes, provides that a reasonable attorney's fee, including costs, may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys fee, trial by jury and any relief that this Court deems just and proper.

## COUNT I: RETALIATION AGAINST DEFENDANT

25.    Plaintiff realleges paragraphs 1-13, as if fully set forth herein and further alleges:

26.    This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's participation and opposition behavior, including filing the charge of discrimination referred to in paragraph 17,

4

above.

27.    Section 760.10(7), <u>Florida Statutes</u> (1993) states that, "it is an unlawful employment

practice for an employer....to discriminate against any person because that person has

opposed any practice which is an unlawful employment practice under this section,

or because that person has testified, assisted or participated in any manner in an

investigation...under this section."

28.    On or about March 8, 2007, the Plaintiff filed a Charge of Discrimination with the

Jacksonville Human Rights Commission (JHRC) which said charge was received by

the Florida Commission on Human Relations (FCHR).  The statutory period of 180

days is past prior to the filing of the amended charge of discrimination.  All statutory

pre-requisites have been complied with prior to the filing of this complaint.

29.    The Charge of Discrimination referred to in the immediately preceding paragraph

was filed within three hundred and sixty five (365) days from the date of the last

discriminatory act in accord with Chapter 760 Florida Statutes, and/or the contents

of the amended charge were continuing in nature.

30.    Over one hundred and eighty (180) days has passed from the date of the filing of the

amended charge of discrimination without a determination being made by the FCHR,

therefore, no determination of reasonable cause is necessary for the Plaintiff to

proceed with this action.

31.    At all times material hereto, the Plaintiff is and has been a member of a protected

class in that he opposed conduct that is in violation of Chapter 760, <u>Florida Statutes,</u>

and/or participated in the investigation under Chapter 760, <u>Florida Statutes</u>.

5

32. The Plaintiff's participation/opposition was the sole or motivating factor which contributed to the discriminatory/retaliatory treatment in the terms and conditions of Plaintiff's employment with Defendant, which concluded with the termination of Plaintiff's employment with Defendant.

33. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered lost wages, past and future, mental anguish, pain and suffering and loss of dignity.

34. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

35. Plaintiff has obligated himself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5) Florida Statutes provides that a reasonable attorney fee may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys fee, trial by jury, and any relief that this Court deems just and proper.

Respectfully submitted,

DAVID B. SACKS, ESQUIRE
Florida Bar No.: 964409
1017 Lasalle Street
Jacksonville, Florida 32202
(904) 634-1122; fax (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff

6

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2007-CA-009103-xxxx-MA
DIVISION:  H

LORENZO JILES,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

Plaintiff, LORENZO JILES,  (hereinafter Plaintiff), by and through the undersigned attorney

hereby requests Defendant, UNITED PARCEL SERVICE, INC., (hereinafter Defendant), its agents

or attorneys, to produce for inspection and/or copying by counsel for said Plaintiff the following

documents to be produced at the law office of David B. Sacks, Esquire, located at 1017 LaSalle

Street, Jacksonville, FL  32207, on or before forty-five (45) days from the date hereof.

### A. PROCEDURE

1. The following requests are to be regarded as continuing and Defendant is requested to

provide by way of supplementary compliance therewith such additional documents as it were any

person or persons on its behalf, may hereafter obtain which will augment or supplement the

documents produced with respect to the request below.  Such additional documents are to be

produced at the office of the undersigned attorney promptly after receipt thereof.

2. If any document is withheld on the basis of a claim of privilege, state with respect thereto

the privilege upon which Defendant is relying, the type of document (e.g., letter, memorandum, etc.),

its date, number, author and general subject matter, and all intended or actual recipients or

### REQUESTS

1.  A complete copy of any and all separation documentation regarding the plaintiff's termination on April 27 2006.

2.  The Plaintiff's personnel file, including those documents and writings that were used to determine her qualifications for employment, promotions, demotions, transfers, salary, raises, pension eligibility, termination or other disciplinary actions, as maintained by Defendant.

3.  All documents pertaining to the hiring and termination of the Plaintiff by the Defendant for any period of employment that plaintiff has had with Defendant at any time.

4.  Copies of Plaintiff's complete salary and wage records, payroll records, commission records, and W-2 forms for every year of his employment with the Defendant.

5.  Performance evaluations, job reviews or appraisals of the Plaintiff during each of the years of his employment with the Defendant.

6.  Complaints concerning the work performance of the Plaintiff and any warning notices to Plaintiff about these complaints.

7.  All documents, including statistical data and performance evaluations of other employees, that the Defendant considered in arriving at its decision to terminate the Plaintiff from his position of employment with the Defendant.

8.  All documents, letters and memoranda between Plaintiff and any employees, officers or directors of the Defendant corporation regarding the Plaintiff's employment status with the Defendant, excluding any documents which were provided to all employees

3

at the same time and for the same reason, i.e., company or department wide memorandums.

9.    Any and all written descriptions of all positions held by the Plaintiff during his employment with the Defendant.

10.    All written contracts entered into between the Plaintiff and the Defendant.

11.    All documents, letters and memoranda of any conversations between Defendant and any past or present employee, officer, or director of the Defendant, regarding the Plaintiff's job performance and/or the Defendant's decision not to promote, demote, transfer or terminate the Plaintiff throughout the time of her employment with Defendant.

12.    All documents describing or in any way pertaining to the job performance of the Plaintiff while employed by the Defendant. Specifically include in this request the documents referring to or describing the productivity and profits directly related to the Plaintiff's job performance and any significant time tables established for her related to her job performance, and if these time tables were met.

13.    The Defendant's guidelines, policies and procedures in effect for the last three years leading up to Plaintiff's termination on April 27, 2006 and through the present, describing the following; (a) the hiring of new employees, (b) the transfer and promotion of its employees, (c) the discipline, demotion and termination of its employees, (d) the performance evaluation of its employees, (e) reviews of wages and benefits of its employees, and (f) the procedure to be followed by an employee who believes that they are the victim of discrimination.

14.    A copy of the UNITED PARCEL SERVICE, INC.  Employee Handbook in effect at the time of the Plaintiff's termination on April 27, 2006.  Include in this request copies of all policies, procedures and/or customs in effect at the time plaintiff was terminated related to employee relations, benefits, hiring, termination, and any other documents relevant to plaintiff' employment with defendant at the time of termination.

15.    All evidence, documentary or otherwise, that would indicate that the actions taken by Defendant, and/or any agent or employee of the Defendant, with respect to the Plaintiff's employment status with the Defendant, were done so for legitimate, non-discriminatory reasons.

16.    All documents sent by the Defendant to the Florida Commission on Human Relations (FCHR),  the Equal Employment Opportunity Commission (EEOC), or any other administrative agency responding to any charge of discrimination filed by the Plaintiff and to any request for information from any of the agencies named.

17.    All documents describing or in any way pertaining to any investigation conducted by the Defendant of the Plaintiff's charges of race discrimination, age discrimination, and/or retaliation.

18.    The year-end balance sheet of the Defendant corporation for each of the last five (5) years.

19.    Copies of all annual financial statements of the Defendant showing its assets, gross income, net income, liabilities, and net worth prepared for the last five (5) years, to include but not limited to, all corporate tax returns, profit and loss documents,

5

balance sheets and interim finance statements for the current year.

20.    Copies of all financial statements submitted to the Security and Exchange Commission on behalf of the Defendant corporation during the last five (5) years.

21.    Any and all documents which provide information related to all benefits ( health insurance, life insurance, 401(k), disability insurance or any other type of insurance) provided to plaintiff by defendant and for which defendant pays all or a portion of the cost of each benefit.

22.    Any and all summary plan descriptions for any and all benefits (health insurance, life insurance, 401(k), disability insurance or any other type of insurance) provided to plaintiff by defendant during her employment.

If there are documents responsive to any of the foregoing Requests which you refuse to produce, please define or designate the documents in your Response with sufficient particularity to allow us to make a Motion for a Court Order to require production of these documents.

PLEASE TAKE NOTICE THAT the Plaintiff will object to the introduction at trial of any document which is not produced in Response to the foregoing Requests and to any evidence about any requested document which has not been revealed by an appropriate Response to this Request for Production of Documents.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of Plaintiff's First Request for

Production was furnished by personal service along with plaintiff's initial pleadings.

RESPECTFULLY SUBMITTED,

DAVID B. SACKS, ESQUIRE
Florida Bar No.: 964409
1017 LaSalle Street
Jacksonville, Florida 32207
(904)634-1122; facsimile (904) 355-8855
email: dsacks@sackslegal.com
Attorney for Plaintiff

7

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2007-CA-009103-XXXX-MA
DIVISION:   H

LORENZO JILES,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF PROPOUNDING
## INTERROGATORIES ADDRESSED TO DEFENDANT

**PLAINTIFF**, LORENZO JILES, by and through his undersigned attorney and pursuant to

the Florida Rules of Civil Procedure, gives notice of propounding her Interrogatories, numbered 1

-10, to the Defendant, UNITED PARCEL SERVICE, INC., and has provided an original and one

copy of same to Defendant, via by Process Server.

Respectfully submitted,

DAVID B. SACKS, ESQUIRE
Florida Bar No.: 964409
1017 LaSalle Street
Jacksonville, FL  32207
Tele:(904) 634-1122; Fax: (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

LORENZO JILES,

      Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

      Defendants.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES ADDRESSED TO DEFENDANT

**PLAINTIFF, LORENZO JILES,**  by and through his undersigned attorney and

pursuant to the Florida Rules of Civil Procedure, propounds the following interrogatories to the

Defendant, UNITED PARCEL SERVICE, INC., et. al., to be answered in writing, under oath,

within the time allowed by those rules.

## DEFINITIONS AND INSTRUCTIONS

    1.  When knowledge or information in possession of Defendant is requested, such request

includes knowledge of Defendant's employees, agents, representatives, attorneys, and any other

person or entity directly or indirectly subject to Defendant's control.  Unless it otherwise appears

from the context, a request for the identity of a particular person relates to all persons in such

classification or category.

    2.  "Communication" means and includes any oral or written exchange of words,

thoughts, or ideas to another person (s), whether person to person, in a group, by telephone, by

letter, by telex or by any other process, electric, electronic or otherwise.

All such communications in writing shall include, but shall not be limited to, printed, typed,

handwritten or other readable documents, correspondence, memos, reports, contracts, both initial or subsequent, diaries, log books, minutes, notes, studies, surveys and forecasts.

3.  "Document" means any written, recorded or graphic matter, however produced or reproduced, and whether or not now in existence, including but not limited to, correspondence, telegrams, notes or sound recordings of any type, any type of personal or telephone conversations or of meetings or conferences, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's note books, desk calendars, appointment books, diaries, auto or video records, or paper similar to any of the foregoing, however denominated.  It includes all matter that relates or refers in whole or in part to the subjects referred to in any Interrogatory.  If a document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification are no longer identical) each nonidentical copy is a separate "document".

4.  "Identify" or "the identity of" mean:

(a)  Whenever in the Interrogatories you are asked "the identity of" or to "identify" a document, you shall specifically designate the type of document (i.e., letter, interoffice memorandum, reports, etc.) and shall states: (i) information sufficient to enable Plaintiff to identify the document, such as its date, the name and addressee, the author and, if different, the signatory, the title or heading of the document, and its approximate number of pages; (ii) the identity and address of addresses of the person or persons to whom copies were sent; (iii) the present or last know location of the possessor of the original of the document (or, if that is unavailable, the most legible copy).

(b)  Wherever in these Interrogatories you are asked "the identity of" or to "identify" a person, you shall furnish information sufficient to enable Plaintiff to identify the person, including name, present whereabouts (home address, employment address, telephone number), present position, prior relevant positions held and similar identifying information.

(c)  Wherever in these Interrogatories you re asked to "identify" a communication, you shall indicate the date thereof, whether the communication was oral or written, identify the document if the communication was written (or, if the oral communication was recorded inn any manner in a document), identify the person or persons who sent, received or had knowledge of the communication, and state the information communicated.

5.  "Relate" "related" or "relating" means and includes contain or containing, constitute or constituting, describe or describinng, discuss or discussing, refer or referring, state or stating, assess or assessing, and record or recording.

6.  "Contract" means and includes any contract, agreement or understanding and all amendments thereto.

7.  "Person" means and includes any natural person, corporation, partnership, association, or other entity, and includes the plural.

8.  "And" or "or" shall be construed conjunctively and disjunctively so as to require the broadest possible response to any particular Interrogatory.

9.  Words shall be construed either in singular or plural form.

10.  If you cannot answer any portion of any of the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions.

11. If you claim privilege as to any communication as to which infortion is required by these Interrogatories, or as to any answer requested by these Interrogatories, specify the privilege claimed, the document, communication and/or answer to which that claim is made, the topic discussed in the communication or documented and the basis on which you assert the claim.

12.     ease attach a copy of any document referred to in your response to these Interrogatories.  Please refer to the definition "Document" in paragraph three (3) above.  If any document referred to in your answers to these Interrogatories are not in your possession, custody, or control, please provide the following information relevant to each document; (a) the identity of the document including, if appropriate, the date, author, recipient, and general subject matter, (b) the names and addresses of all persons who received or possessed copies of the documents; (c) the present location of the documents; and (d) the present custodian of the document.

**(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)**

## INTERROGATORIES

Interrogatory No. 1:  What is the name, address and telephone number of the person answering these interrogatories, and if applicable, the person's official position or relationship with the party to whom these interrogatories are directed?

Interrogatory No. 2:  State the names and addresses of any individual involved in the decision to not promote or terminate Plaintiff's employment with Defendant.

<u>Interrogatory No. 3</u>: State the duties and qualifications for the position of Plaintiff held at the time of his termination.

<u>Interrogatory No. 4</u>: State all reasons why Plaintiff was required to work Sunday shift starting on or about 2006.

<u>Interrogatory No. 5</u>:  List the names and addresses of all persons who are believed or known by the Defendant its agents, or its attorneys to have any knowledge concerning any of the facts outlined in the complaint specifically, but not limited to, the need for Plaintiff to work Sundays starting in 2006, and specify as to each person what that person knows concerning any facts set forth in Plaintiff's complaint and  how the individual came to have that knowledge.

<u>Interrogatory No. 6</u>:  State if the Defendant has ever been a party, either plaintiff or defendant, in a law suit involving employment discrimination, other than the present matter with in the last five (5) years in Jacksonville, Duval County, FL, and, if so, state whether the Defendant was the plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

# EXHIBIT B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

LORENZO JILES,              )
                                 )
                                 )
        Plaintiff,       )
                                 )    CASE NO.: 16-2007-CA-009103-XXXX-MA
v.                        )    DIVISION: CV-H
                                 )
                                 )
UNITED PARCEL SERVICE, INC.  )
                                 )
        Defendant.     )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, United Parcel Service, Inc. ("UPS" or the "Company"), files this Answer and

Affirmative Defenses to the Complaint filed by Plaintiff Lorenzo Jiles ("Plaintiff").  Responding

to the individually enumerated paragraphs of the Complaint, UPS shows the Court as follows:

1.

UPS admits Plaintiff has instituted an action for damages which exceeds the amount of

fifteen thousand dollars ($15,000.00), but denies that Plaintiff is entitled to any such relief.

Except as expressly admitted herein, UPS denies the allegations in Paragraph 1 of the Complaint.

2.

UPS is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 2 of the Complaint and, therefore, such allegations stand denied.

3.

UPS admits that it is a corporation licensed to do business in the State of Florida, and that

the Company conducts business in Jacksonville, Duval County, Florida.  Except as expressly

admitted herein, UPS denies the allegations in Paragraph 3 of the Complaint.

4.

UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, such allegations stand denied.

5.

UPS admits that Plaintiff was hired by UPS on or about September 28, 1978.

6.

UPS admits that Plaintiff was discharged on April 27, 2006 for engaging in dishonest conduct.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 6 of the Complaint.

7.

UPS denies the allegations in Paragraph 7 of the Complaint.

8.

UPS denies the allegations in Paragraph 8 of the Complaint.

9.

UPS denies the allegations in Paragraph 9 of the Complaint.

10.

UPS admits that, following his termination on April 27, 2006, Plaintiff filed a Charge of Discrimination with the Jacksonville Human Rights Commission ("JHRC") alleging race discrimination.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 10 of the Complaint.

LEGAL02/30616163v1

11.

UPS admits that on or about May 17, 2006, subsequent to Plaintiff filing a union grievance protesting his termination, Plaintiff was reinstated to his position. Except as expressly admitted herein, UPS denies the allegations in Paragraph 11 of the Complaint.

12.

UPS denies the allegations in Paragraph 12 of the Complaint.

13.

UPS admits that Plaintiff was terminated on or about January 17, 2007 for gross insubordination and job abandonment. Except as expressly admitted herein, UPS denies the allegations in Paragraph 13 of the Complaint.

14.

UPS incorporates its responses to Paragraphs 1-13 as if fully restated herein.

15.

UPS denies the allegations in Paragraph 15 of the Complaint.

16.

Paragraph 16 of the Complaint is a statement of law for which no answer is required. To the extent a response is required, UPS denies any allegations in Paragraph 16.

17.

UPS admits that on or about May 1, 2006, Plaintiff filed a Charge of Discrimination with the JHRC. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 concerning receipt of Plaintiff's Charge of Discrimination by the Florida Commission on Human Relations ("FCHR"), and such allegations therefore stand

denied.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 17 of the Complaint.

18.

UPS admits the Charge of Discrimination referred to in Paragraph 17 was filed on or about May 1, 2006 with the JHRC.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 18 of the Complaint.

19.

UPS denies the allegations in Paragraph 19 of the Complaint.

20.

UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, such allegations stand denied.

21.

UPS denies the allegations in Paragraph 21 of the Complaint.

22.

UPS denies the allegations in Paragraph 22 of the Complaint.

23.

UPS denies the allegations in Paragraph 23 of the Complaint.

24.

UPS denies the allegations in Paragraph 24 of the Complaint.

25.

UPS incorporates its responses to Paragraphs 1-24 as if fully restated herein.

26.

UPS denies the allegations in Paragraph 26 of the Complaint.

- 4 -

27.

Paragraph 27 of the Complaint is a statement of law for which no answer is required.  To the extent a response is required, UPS denies any allegations in Paragraph 27.

28.

UPS admits that on or about March 8, 2007, Plaintiff filed a Charge of Discrimination with the JHRC.  UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 concerning receipt of Plaintiff's Charge of Discrimination by the FCHR, and such allegations therefore stand denied.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 28 of the Complaint.

29.

UPS admits the Charge of Discrimination referred to in Paragraph 28 was filed on or about March 8, 2007 with the JHRC.  Except as expressly admitted herein, UPS denies the allegations in Paragraph 29 of the Complaint.

30.

UPS denies the allegations in Paragraph 30 of the Complaint.

31.

UPS denies the allegations in Paragraph 31 of the Complaint.

32.

UPS denies the allegations in Paragraph 32 of the Complaint.

33.

UPS denies the allegations in Paragraph 33 of the Complaint.

LEGAL02/30616163v1

34.

UPS denies the allegations in Paragraph 34 of the Complaint.

35.

UPS denies the allegations in Paragraph 35 of the Complaint.

36.

To the extent not specifically admitted, UPS denies each and every allegation contained in the Complaint, including damages demands.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, for his failure to satisfy certain administrative prerequisites to bringing suit, including, but not limited to, Plaintiff's failure to timely file his Charge of Discrimination within 365 days of the alleged violation in accordance with Fla. Stat. § 760.11(1) and Plaintiff's premature filing of the instant lawsuit without a determination being made by the Jacksonville Human Rights Commission as to whether there is reasonable cause on the charge in accordance with § 760.11(4) or without the expiration of 180 days from the filing of the charge in accordance with § 760.11(8).

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, based upon applicable statutes of limitation.

- 6 -

## FOURTH DEFENSE

Plaintiff's claims are barred and/or limited by the doctrine of after-acquired evidence.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to take reasonable steps to mitigate his claimed damages, the existence of which damages is expressly denied.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because UPS acted in good faith and lawfully with respect to Plaintiff, and any actions taken by UPS were taken for legitimate, nondiscriminatory reasons.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and unclean hands.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was at all times an at-will relationship.

## NINTH DEFENSE

UPS did not act with malice or reckless indifference to Plaintiff's protected rights and made reasonable, good faith efforts to comply with applicable law.

## TENTH DEFENSE

UPS denies Plaintiff's right to trial by jury.

## ELEVENTH DEFENSE

UPS respectfully reserves the right to plead and prove additional affirmative defenses, with the Court's approval, that become known during this litigation.


Respectfully submitted this 28th day of November, 2007.

Bradley R. Johnson
Florida Bar No. 0709425
brj@tdclaw.com
Latasha A. Garrison-Fullwood
Florida Bar No. 0180602
lgf@tdclaw.com
TAYLOR, DAY, CURRIE, BOYD & JOHNSON
50 North Laura Street, Suite 3500
Jacksonville, Florida 32202
Tel. No. (904) 356-0700
Fax. No. (904) 356-3224

OF COUNSEL[*]:
R. Steve Ensor
Georgia Bar. No. 249360
steve.ensor@alston.com
Brett E. Coburn
Georgia Bar No. 171094
brett.coburn@alston.com
Melissa S. Hsieh
Georgia Bar No. 928216
melissa.hsieh@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia  30309-3424
Tel. No. (404) 881-7000
Fax. No. (404) 881-7777                    ATTORNEYS FOR DEFENDANT

---

[*] Motions for admissions *pro hac vice* to be submitted to the appropriate court.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing **Answer and**

**Affirmative Defenses** via first class mail with adequate postage addressed as follows:

> David B. Sacks, Esquire
> 1017 Lasalle Street
> Jacksonville, Florida  32202

This 28th day of November, 2007.

Latasha A. Garrison-Fullwood