IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION: 16-2007-CA-009103-XXXX-MA

LORENZO JILES,
    Plaintiff,
v.
UNITED PARCEL SERVICE, INC.,
    Defendants.
_____/

DIVISION CV-H

### COMPLAINT AND DEMAND FOR JURY TRIAL

LORENZO JILES, (hereinafter Plaintiff), sues the Defendant, UNITED PARCEL SERVICE, (hereinafter Defendant), and alleges:

1. This is an action that exceeds the sum of Fifteen Thousand Dollars ($15,000.00), exclusive of interests, costs and attorney's fees.

2. At all times material, the Plaintiff was and remains a resident of Duval County, Florida.

3. At all times material, Defendant was and remains a corporation, licensed to do business and does conduct a substantial amount of business in Jacksonville, Duval County, Florida.

4. All facts material to this action occurred in Jacksonville, Duval County, Florida.

### GENERAL ALLEGATIONS

5. Plaintiff began his employment with Defendant on or about September 28, 1978.

6. Plaintiff was accused of dishonesty because of an "unauthorized punch" and terminated from his position of employment on April 27, 2006.

7. Plaintiff was working a Monday through Friday shift. Plaintiff was requested by

Tom Gloe, Division Manager, to change his schedule to Sunday through Thursday. Plaintiff advised Mr. Gloe that the change was not possible due to restrictions placed on him by his treating physician, which indicated that he should not be working the Sunday shift.

8. Comparatively, Tom Goings, white male, who held the same position as Plaintiff, and was also working the same Monday through Friday shift as Plaintiff, was not requested to change his work schedule to Sunday through Thursday.

9. It was only after Plaintiff advised Mr. Gloe that he could not work a schedule which included Sundays, that Plaintiff was summarily terminated.

10. Subsequent to his termination, Plaintiff filed a charge of discrimination with the Jacksonville Human Rights Commission (JHRC) alleging race discrimination.

11. Following the termination as stated above, Plaintiff, after going through a grievance procedure with Defendant, was reinstated to his position on or about May 15, 2006.

12. Following Plaintiff's reinstatement, Plaintiff was forced to work hours which caused Plaintiff to exceed his physical limitations that were previously agreed to by Defendant, and which the Defendant had been adhering to for years. Upon Plaintiff's advising that he was physically unable to work the shifts which required duties that exceeded his physical restrictions, and in spite of Defendant's previous agreement to abide by Plaintiff's physical restrictions, Plaintiff was again terminated.

13. Soon thereafter Plaintiff was again terminated from his position, this time by Dave Sharp, supervisor, and Steve Howell, Manager, for gross insubordination and job abandonment.

## COUNT I: RACE DISCRIMINATION

14. Plaintiff realleges paragraphs 1-13, as if fully set forth herein and further alleges:

15. This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's race.

16. Section 760.10(1)(a), Florida Statutes, states that it is an unlawful employment practice for an employer.... to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment because of such individuals...race.

17. On or about May 1, 2006, the Plaintiff filed a Charge of Discrimination with the Jacksonville Human Rights Commission (JHRC) which said charge was received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days is past prior to the filing of the amended charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of this complaint.

18. The Charge of Discrimination referred to in the immediately preceding paragraph was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760 Florida Statutes, and/or the contents of the amended charge were continuing in nature.

19. Over one hundred and eighty (180) days has passed from the date of the filing of the amended charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

20. At all times material hereto, the Plaintiff is and has been a member of a protected

3

class in that he is African American.

21. The Plaintiff's race was the sole or motivating factor which contributed to the discriminatory treatment in the terms and conditions of Plaintiff's employment with Defendant.

22. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered lost wages, past and future, mental anguish, pain and suffering and loss of dignity.

23. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), <u>Florida Statutes</u>, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, <u>Florida Statutes</u>, do not apply.

24. Plaintiff has obligated himself to pay a reasonable attorney's fee, including costs, in connection with the bringing of this action. Section 760.11(5), <u>Florida Statutes</u>, provides that a reasonable attorney's fee, including costs, may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys fee, trial by jury and any relief that this Court deems just and proper.

### COUNT I: RETALIATION AGAINST DEFENDANT

25. Plaintiff realleges paragraphs 1-13, as if fully set forth herein and further alleges:

26. This is an action brought against Defendant on the basis of an unlawful discriminatory practice relating to the Plaintiff's participation and opposition behavior, including filing the charge of discrimination referred to in paragraph 17,

4

above.

27. Section 760.10(7), Florida Statutes (1993) states that, "it is an unlawful employment practice for an employer....to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has testified, assisted or participated in any manner in an investigation...under this section."

28. On or about March 8, 2007, the Plaintiff filed a Charge of Discrimination with the Jacksonville Human Rights Commission (JHRC) which said charge was received by the Florida Commission on Human Relations (FCHR). The statutory period of 180 days is past prior to the filing of the amended charge of discrimination. All statutory pre-requisites have been complied with prior to the filing of this complaint.

29. The Charge of Discrimination referred to in the immediately preceding paragraph was filed within three hundred and sixty five (365) days from the date of the last discriminatory act in accord with Chapter 760 Florida Statutes, and/or the contents of the amended charge were continuing in nature.

30. Over one hundred and eighty (180) days has passed from the date of the filing of the amended charge of discrimination without a determination being made by the FCHR, therefore, no determination of reasonable cause is necessary for the Plaintiff to proceed with this action.

31. At all times material hereto, the Plaintiff is and has been a member of a protected class in that he opposed conduct that is in violation of Chapter 760, Florida Statutes, and/or participated in the investigation under Chapter 760, Florida Statutes.

32. The Plaintiff's participation/opposition was the sole or motivating factor which contributed to the discriminatory/retaliatory treatment in the terms and conditions of Plaintiff's employment with Defendant, which concluded with the termination of Plaintiff's employment with Defendant.

33. As a direct an proximate result of the actions of its agents and/or employees, while acting in the course and scope of their employment, Plaintiff has suffered lost wages, past and future, mental anguish, pain and suffering and loss of dignity.

34. The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights. Section 760.11(5), Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

35. Plaintiff has obligated himself to pay a reasonable attorneys fee with the bringing of this action. Section 760.11(5) Florida Statutes provides that a reasonable attorney fee may be awarded to the prevailing party.

**WHEREFORE**, the Plaintiff demands judgment against Defendant for compensatory damages, costs, attorneys fee, trial by jury, and any relief that this Court deems just and proper.

Respectfully submitted,

DAVID B. SACKS, ESQUIRE
Florida Bar No.: 964409
1017 Lasalle Street
Jacksonville, Florida 32202
(904) 634-1122; fax (904) 355-8855
Email: david@sackslegal.com
Attorney for Plaintiff

6